

**ORDERED in the Southern District of Florida on January 2, 2013.**

Robert A. Mark, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

|  |  |
|---|---|
| In re: | ) CASE NO. 12-13965-RAM |
|  | ) CHAPTER 7 |
| ROBERTO ASCUNTAR, | ) |
|  | ) |
|  | ) |
| Debtor. | ) |
|  | ) |

**MEMORANDUM OPINION AND ORDER**
**SUSTAINING TRUSTEE'S OBJECTION TO EXEMPTIONS**

The issue presented in the Trustee's Amended Objection to Exemptions (the "Objection") [DE# 32] is simply stated: May an individual debtor claim that his interest in a joint tax refund received postpetition is held as a tenant by the entirety with his spouse and is therefore exempt? Courts have split on this issue. After a thorough review of the

published decisions, this Court says no.  Unless the refund is received prepetition and deposited into a tenancy by the entireties ("TBE") account, each spouse retains an individual ownership interest in an expected postpetition refund, not an interest as a tenant by the entirety. Therefore, the Objection will be sustained.

## Factual and Procedural Background

The debtor, Roberto Ascuntar ("Debtor"), filed an individual Chapter 7 petition on February 17, 2012.  On February 29, 2012, the Debtor and his non-filing spouse received their 2011 joint federal income tax refund (the "Refund") in the amount of $3,914.00.  In his Amended Schedule C, filed on April 27, 2012 [DE# 30], the Debtor lists the Refund as property owned with his wife as tenants by the entirety, claiming 100% of the Refund as exempt under 11 U.S.C. § 522(b)(3)(B).[1]

The Refund is attributable to taxes withheld from both the Debtor and his wife.  As shown in the W-2 Wage and Tax Statements attached as an exhibit to the Trustee's Memorandum of Law in Support of [the Objection] [DE# 42], a

---

[1] Section 522(b)(3)(B) exempts property held as a tenant by the entirety to the extent that such interest is exempt from process under applicable non-bankruptcy law.  Applicable Florida law is discussed later in this Opinion.

total of $10,685.44 was withheld, $6,155.63 from the Debtor's earnings and $4,529.81 from the earnings of his wife. Based upon these numbers, the amounts withheld from the Debtor's earnings account for 57.6% of the total. The Trustee's Objection challenges the right of the Debtor to claim that the Refund is TBE property. The Trustee argues that the portion of the Refund attributable to the amount withheld from the Debtor's earnings is the Debtor's individual property, and therefore, property of the estate. The Trustee and the Debtor have filed memoranda and the Court heard oral argument on October 30, 2012.

## Discussion

A tax refund received postpetition is property of the estate if it is attributable to wages earned and withholding payments made during prepetition years. *Carlson v. Moratzka* (*In re Carlson*), 394 B.R. 491, 493 (B.A.P. 8th Cir. 2008) (citing *In re Benn*, 491 F.3d 811, 813 (8th Cir. 2007)). In this case, because the petition was filed in February of 2012, the entire 2011 tax year was prepetition and, unless exempt, the portion of the Refund owned by the Debtor is property of the estate.

As noted earlier, § 522(b)(3) of the Bankruptcy Code allows individual debtors to exempt any interest in

3

property the debtor owns as a tenant by the entirety
provided that such interest is exempt under state law. It
is well settled that under Florida law property held by a
husband and wife as tenants by the entireties belongs to
neither spouse individually. *See, e.g., In re Stanley*, 122
B.R. 599, 604 (Bankr. M.D. Fla. 1990). Therefore, it is
exempt from process to satisfy debts owed to individual
creditors of either spouse. *Neu v. Andrews*, 528 So. 2d
1278, 1279 (Fla. 4th DCA 1988). Entireties property is not
exempt from process to satisfy joint debts of both spouses.
*See Stanley v. Powers*, 166 So. 843, 846 (Fla. 1936). Thus,
reading § 522(b)(3) in conjunction with Florida law, a
Florida debtor filing an individual case may exempt
entireties property in his or her case except to the extent
of joint debts. *See, e.g., In re Monzon*, 214 B.R. 38, 41
(Bankr. S.D. Fla. 1997).

## Establishing Entireties Ownership In Personalty Under the Florida Law

The Florida Supreme Court's seminal opinion on
establishing tenancy by the entireties ownership of
personal property is *Beal Bank, SSB v. Almand and
Associates*, 780 So. 2d 45 (Fla. 2001). As described by the
Court:

4

> Property held as a tenancy by the entireties possesses six characteristics: (1) unity of possession (joint ownership and control); (2) unity of interest (the interests in the account must be identical); (3) unity of title (the interests must have originated in the same instrument); (4) unity of time (the interests must have commenced simultaneously); (5) survivorship; and (6) unity of marriage (the parties must be married at the time the property became titled in their joint names).

780 So. 2d at 52. As discussed below, the Debtor cannot satisfy these elements with respect to the Refund because there is no unity of interest.

## The Debtor Cannot Establish
## Tenancy by the Entireties Ownership of the
## Refund Because There is No Unity of Interest

Generally, state law applies in looking at property interests. *Butner v. U.S.*, 440 U.S. 48, 55 (1979). However, in analyzing the interests of the Debtor and his wife in the Refund, the Court must look to federal law because it is federal tax law that creates the interest. *See In re Schwinn*, 400 B.R. 295, 298 (Bankr. D. Kan. 2009) ("When the property interest in question is a creature of federal law, the nonbankruptcy law which defines the debtor's, and therefore the estates' interest, is federal law"); *In re Marvel*, 372 B.R. 425, 430 (Bankr. N.D. Ind.

5

2007) (The nature and existence of rights in a federal tax refund are determined by federal law).

Under federal tax law, each spouse has a separate interest in a refund. *Gordon v. U.S.*, 757 F.2d 1157 (11th Cir. 1985); *Wetteroff v. Grand* (*In re Wetteroff*), 453 F.2d 544, 547 (8th Cir. 1972). As the Eleventh Circuit explained in *Gordon*, "[w]here spouses claim a refund under a joint return, the refund is divided between the spouses, with each receiving a percentage of the refund equivalent to his or her proportion of the withheld tax payments." 752 F.2d at 1160.

Cases analyzing the respective interests of spouses in refunds from joint returns often cite to Internal Revenue Service Ruling 74-611. Rev. Rul. 74-611, 1974-2 C.B. 399 (1974). As stated in that Ruling, when a husband and wife file a joint return, Section 6013 of the Internal Revenue Code imposes joint and several liability upon them for the tax computed on their aggregate income. Nevertheless, this does not create a joint interest in any overpayment. As the Ruling explained, "[c]ourt decisions have consistently held that a husband and wife who file a joint return do not have a joint interest in an overpayment; each has a separate interest." *Id*. In addition, the Ruling states

6

that "if one spouse goes bankrupt, only his share of the refund goes to the trustee in bankruptcy." *Id.* The Ruling's conclusion is clear: "Thus, a joint income tax return does not create new property interests for the husband or the wife in each other's income tax overpayment." *Id.*

This Court agrees with the bankruptcy court decisions that applied these principles and concluded that a joint refund cannot be claimed as entireties property. *See In re Morine*, 391 B.R. 480 (Bankr. M.D. Fla. 2008); *In re Kant*, No. 8:04-bk-20026-PMG, 2006 WL 4919043 (Bankr. M.D. Fla. Apr. 12, 2006). Citing to *Gordon*, Judge Glenn concluded in *Kant* that a husband and wife lack the unity of interest element necessary to establish tenancy by the entireties ownership. 2006 WL 4919043, at *3. As such, the court sustained the trustee's objection to the tenancy by the entireties claim and held that the portion of the refund attributable to the overpayment of withholding from the debtor husband's income was attributable to the debtor and would come into the estate. *Id*. at *4. Judge Paskay quoted from and followed *Kant* in his *Morine* decision.

Bankruptcy Judge Adams applied the same principles in analyzing the scope of a Chapter 13 trustee's interest in a

joint tax refund in an individual debtor's Chapter 13 case. *In re Rice*, 442 B.R. 140 (Bankr. M.D. Fla. 2010).  Citing *Gordon*, IRS Revenue Ruling 74-611, and *Kant* for the principle that spouses have separate interests in any overpayment of their taxes, the court concluded that the respective interests of the husband and wife had to be allocated based on their contributions to the refund and "only the Debtor's interest in the joint refund is property of the estate under § 541 and § 1306 of the Bankruptcy Code."  442 B.R. at 143, 144.

Because each spouse has a separate interest in an expected tax refund, the Court concludes that the Debtor and his wife do not have the necessary unity of interest to support a claim that the Refund anticipated on the filing date of the bankruptcy may be exempted as TBE property.

The Debtor argues that the issuance of the Refund in a joint check creates a presumption that the Refund is entireties property.  The Court disagrees.  The focus here is on the Debtor's property interest on the filing date of the case, <u>before</u> the Refund check was issued.  And, on the filing date, the Debtor's interest in the expected refund was separate from the interest of his wife.  For the anticipated refund to satisfy the elements of TBE property,

8

the filing of the joint tax return would have to have created a joint interest in the expected refund, a unity of interest as required by Florida law.  But, as discussed, that is not the case.

Like each spouse's individual future paycheck, each spouse's interest in a future tax refund remains individual property.  Thus, unless the refund is received prepetition and deposited into a TBE account, as it was in *Hinton*, the expected future refund existing on the filing of an individual's bankruptcy petition is not owned as tenants by the entireties with his or her spouse.  Thus, the Debtor's 57.6% portion of the Refund is his individual property and comes into the estate.

### This Court is Not Persuaded by the Contrary Authority

As noted at the outset, other Florida bankruptcy court decisions have allowed individual debtors to claim the entireties exemption in a joint refund.  This Court declines to follow these decisions for the reasons discussed below.

The first significant decision allowing the exemption was Judge Hyman's decision in *In re Kossow*, 325 B.R. 478 (Bankr. S.D. Fla. 2005).  *Kossow* involved a claim of tenancy by the entireties ownership in several items of

personal property, including a tax refund from a joint return. The portion of the opinion addressing the refund is short and appears to rely primarily on the fact that "[t]he effect of a joint filing is that both spouses are jointly and severally liable for any tax liability." 325 B.R. at 488. There is no discussion of *Gordon* or Revenue Ruling 74-611, and presumably, the trustee never argued to the court that under federal tax law, joint and several liability does not mean that each spouse has a joint interest in the overpayment. *See* Rev. Ruling 74-611, cited earlier.

The second significant decision allowing the entireties claim is Judge Jennemann's decision in *Dillworth v. Hinton* (*In re Hinton*), 378 B.R. 371 (Bankr. M.D. Fla. 2007). The facts in *Hinton* were materially different than the facts here. In *Hinton*, the refund was received prepetition and deposited into a TBE bank account. The court did hold that the "Tax Refunds (or the resulting deposits) are exempt as tenants by the entireties property owned by the defendants." *Id*. at 378. However, because the funds were already deposited in an exempt account on the filing date of the bankruptcy case, the exemption claim in the refund itself was not material. In fact, after

10

addressing the plaintiffs' argument that the refund was not exempt based on the *Gordon* decision, the court essentially acknowledged that allowing the exemption in the refund itself was not critical to its decision:

> Moreover, the plaintiffs' argument is largely a red herring. The defendants received the Tax Refunds years before the debtor filed this bankruptcy case, and deposited each check in the Accounts owned by them as tenants by the entireties long ago. At that point, <u>even if arguably not before</u>, the monies were owned by the defendants as tenants by the entireties.

*Id.* at 379 (emphasis added).

Finally, Judge McEwen recently allowed the tenancy by the entireties exemption in a tax refund in *In re Newcomb*, No. 8:05-bk-29581-CPM, 2012 WL 6043000 (Bankr. M.D. Fla. Dec. 4, 2012). In *Newcomb*, the court declined to follow *Kant* and *Morine*, concluding that under the Eleventh Circuit's decision in *Musolino v. Sinnreich* (*In re Sinnreich*), 391 F.3d 1295, 1297 (11th Cir. 2004), only the IRS can defeat the unity of interest. This Court does not find the *Sinnreich* holding applicable here. In *Sinnreich*, the issue was the scope of the Supreme Court's opinion in *U.S. v. Craft*, 535 U.S. 274 (2002). In *Craft*, the Court held that the IRS may attach a lien to property held as

11

tenants by the entirety to satisfy the obligation of one spouse.   The creditor in *Sinnreich* argued that the same principle should apply under § 522(b).   The Eleventh Circuit rejected the argument and found that only the IRS, not other creditors, could reach entireties property to satisfy the debt of only one spouse.   391 F.3d at 1297.

*Sinnreich* properly limited the application of *Craft* to the IRS in analyzing the ability of a creditor of one spouse to execute against entireties property.   The decision is not surprising and is consistent with Florida law cited earlier precluding creditors of one spouse from executing against TBE property.   The reason the decision has little bearing here is that *Sinnreich* was addressing an individual creditor's rights against property already found to be entireties property.   The decision has no effect on whether a debtor's interest in a future tax refund can be claimed as entireties property in the first instance.

In sum, the Court does not find that the decisions allowing the TBE claim in joint refunds are persuasive.

Based upon the foregoing, it is –

**ORDERED** as follows:

1.   The Objection is sustained.

2.    The sum of $2,254 (57.6% of the 2011 refund) is property of the estate and not exempt under 11 U.S.C. § 522(b)(3).


###


COPIES TO:

Nicole Shacket, Esq.
TABAS FREEDMAN
14 Northeast First Avenue
Penthouse
Miami, Florida 33132
(Counsel for Trustee)

Antonio S. Sirven, Esq.
9560 S.W. 107th Avenue
Suite 107
Miami, Florida  33176
(Counsel for Debtor)

13